UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GLENN DANIEL GALLOT,
    Plaintiff,

v.

CITY AND COUNTY OF SAN FRANCISCO, et al.,
    Defendants.

Case No. 19-01138 BLF (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, a state prisoner at the San Francisco County Jail, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against various City of San Francisco offices and agencies. (Docket No. 5, hereafter "Compl.") Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate order.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

Plaintiff claims the San Francisco Public Utilities Commission ("SFPUC") had him move toxic waste and dig out trenches on Treasure Island, exposing him to "haz-mat" waste at the AAA Naval Shipyard. (Compl. at 3.) Plaintiff claims that "while FBI whistleblower for civil rights," he was "falsely labeled" as incompetent and suffered a "brain type seizure due to having to take unnecessary psych drugs." (*Id.*) For relief, Plaintiff wants the "DOJ prosecuters [*sic*] pick up my case and put on trial all" for their involvement in this "crime of mental health conduct, haz-mat medical denial" and a "whistle blowing settlement." (*Id.*)

The complaint is deficient for several reasons. First of all, even liberally construed, the complaint fails to state the first element for a § 1983 claim, i.e., that a right secured by the Constitution or federal law was violated. Second, Plaintiff makes no specific allegations against any of the named individuals or entities. Lastly, Plaintiff's claim for relief with respect to the prosecution of those allegedly involved in the "crime of mental health conduct" must be rejected because he has no protected interest in the prosecution of another. *See Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Doyle v. Oklahoma Bar Ass'n*, 998 F.2d 1559, 1566-67 (10th Cir. 1993) (private citizen has no standing to have lawyer disciplined or criminally charged); *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988) (neither member of public at large nor victim has right to

2

have another criminally prosecuted). Plaintiff shall be granted leave to file an amended complaint to attempt to state sufficient facts to state a cognizable claim under § 1983 and an appropriate type of relief.

In preparing an amended complaint, Plaintiff should also keep the following principles in mind. Liability may be imposed on an individual defendant under § 1983 only if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

The complaint is **DISMISSED with leave to amend**. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint to correct the deficiencies discussed above. The amended complaint must include the caption and civil case number used in this order, Case No. C 19-01138 BLF (PR), and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.

The amended complaint supersedes the original, the latter being treated thereafter as non-existent. *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

///

3

**Failure to respond in accordance with this order in the time provided will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED**

Dated: June 17, 2019

*/s/ Beth Labson Freeman*
BETH LABSON FREEMAN
United States District Judge

Order of Dismissal with Leave to Amend
PRO-SE\BLF\CR.19\01138Gallot_dwlta

4